FILED
CLERK
9:55 am, Jul 21, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

CITY NATIONAL SPECIALTY COMPANY
*a/s/o John Calenzo* and JOHN CALENZO

                  Plaintiffs,

     v.

ASHLEY FURNITURE INDUSTRIES, LLC

                  Defendant.
--------------------------------------------------------X

**MEMORANDUM AND ORDER**

21-CV-05521 (EK) (LGD)

**LEE G. DUNST**, Magistrate Judge:

    Plaintiff John Calenzo ("Calenzo") and his subrogee City National Specialty Company ("City National") (collectively, "Plaintiffs") bring this case in connection with various claims arising from a fire allegedly caused by a product produced and distributed by Defendant Ashley Furniture Industries, LLC ("Defendant"). *See* Second Amended Complaint, Electronic Case File Docket Entry ("ECF") No. 18. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs now seek to file a third amended complaint adding a claim for punitive damages. *See* Plaintiffs' Motion For Leave To Amend Second Amended Complaint To Add Claim For Punitive Damages ("Motion"), at ECF No. 21. For the reasons set forth herein, Plaintiffs' motion to amend is granted.

**I.    BACKGROUND**

    A.    <u>Relevant Alleged Facts.</u>

    The facts set forth herein are taken from Plaintiffs' proposed Third Amended Complaint ("TAC"), attached to the Motion at ECF No. 21-1.

    Defendant is a designer, manufacturer, and distributor of (among other things) consumer residential furniture. *See* TAC ¶¶ 4, 6. Plaintiffs alleged that customer complaints and warranty claims informed Defendant of fires alleged to have been caused by Defendant's electric-powered

1

furniture products, including bedroom furniture. *Id*. ¶ 21. Despite being on notice that its electric-powered furniture products could be unreasonably hazardous and dangerous, Defendant allegedly took no company-wide remedial or investigative actions. *See id.* ¶¶ 22, 23, 25-27. Instead, Defendant allegedly disregarded the fire origin and cause assessments from its retained independent investigators—which concluded Defendant's products caused fires—and retained alternate investigators who, at the direction of Defendant, did not identify Defendant's products as the cause of any fire. *Id.* ¶ 24

Defendant produced and distributed a "two-drawer Willenburg nightstand" that was delivered to and installed at Calenzo's premises in East Islip, New York in April 2017. *Id.* ¶¶ 8-9. The nightstand allegedly lacked appropriate electrical safety features, including overcurrent protections, to guard against the risk of fire. *Id.* ¶ 14. On or about December 29, 2020—due to an alleged defect in the nightstand resulting from Defendant's negligence in producing and distributing it—the nightstand's electrical components ignited a fire that spread flames, heat, smoke, and/or soot throughout Calenzo's premises and onto his personal property (the "Fire"). *Id.* ¶¶ 10-11.

An insurance agreement between Plaintiffs required City National to cover the damage that the Fire caused to Calenzo's premises and personal property. *See id.* ¶¶ 18-19. To the extent it has paid and will pay for the damage caused by the Fire, City National is subrogated to Calenzo's rights to bring damages claims against Defendant. *See id.* ¶ 19.

B.   Procedural History.

On October 5, 2021, City National commenced this action by filing the original complaint, which alleged strict liability and negligence claims against Defendant and Ashley Furniture Industries Inc. *See* ECF No. 1. Several weeks later, City National filed the first amended complaint on November 12, 2021, which (among other things) removed Ashley Furniture Industries Inc. as a defendant. *See* ECF No. 8. Defendant answered that complaint on November 23, 2021. *See* ECF No.

2

12. Plaintiffs filed the second amended complaint on April 27, 2022, which added Calenzo as a plaintiff.[1]  *See* ECF No. 18.  Defendant answered that complaint on May 17, 2022.  *See* ECF No. 20.

Plaintiffs filed the Motion on June 6, 2022.[2]  *See* ECF No. 21.  The TAC seeks to add on behalf of Calenzo a claim for punitive damages under New York law against Defendant.  TAC ¶ 28; *see also id*. ¶¶ 21-28 (allegations in connection with punitive damages claim).  Defendant filed its opposition to the Motion ("Opposition" or "Opp.") on June 21, 2022.  *See* ECF No. 22.  Plaintiffs filed their reply in support of the Motion on June 22, 2022.  *See* ECF No. 23.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) governs amendments to complaints after the period to amend as of right has expired but before the date set in a scheduling order after which no amendment will be permitted.  *See Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021).  Rule 15(a)(2) states, in relevant part, that a party may amend its pleading with leave of the Court and that the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Accordingly, "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."  *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017).  Leave to amend also may be denied based on the futility of the proposed amendment.  *See, e.g., Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019); *Berlin v. JetBlue Airways Corp.*, 436 F. Supp. 3d 550, 571 (E.D.N.Y. 2019).  "The opposing party likewise bears the burden of establishing that an amendment would be futile."  *Seemann v. Coastal Env't Grp., Inc.*, 219 F. Supp. 3d 362, 366 (E.D.N.Y. 2016).  Absent the non-movant making one of these showings, "the leave sought should, as the rules require, be freely given."  *Chan v. City of New York*, No. 19-CV-7239,

---

[1]     Defendant did not object to Plaintiffs' filing of the second amended complaint.  *See* ECF No. 21, at 2 n.1.

[2]     The parties had agreed with each other that the deadline for the filing of a motion to amend the pleadings was June 10. 2022.  *See* ECF Nos. 17-1 & 19.

3

2021 WL 6502292, at *3 (E.D.N.Y. Dec. 29, 2021) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Defendant only argues that the punitive damages claim in the TAC is futile.[3] *See* Opp. 4-8. To demonstrate futility, Defendant must show that the claim for punitive damages "could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 304 (2d Cir. 2020) (internal quotations omitted). Under that standard, the Court accepts as true the factual allegations set forth in the TAC and draws all reasonable inferences in Plaintiffs' favor. *See Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1076 (2d Cir. 2021). But the Court need not accept conclusory assertions, legal conclusions, or formulaic recitation of a claim's elements. *See In re Facebook, Inc., IPO Derivative Litig.*, 797 F.3d 148, 159 (2d Cir. 2015). Ultimately, "leave to amend will be denied as futile only if it appears beyond doubt that the plaintiff[s] can plead no set of facts that would entitle [them] to relief." *Brett v. 44th St. Rest. LLC*, No. 15-CV-2921, 2016 WL 11774304, at *2 (S.D.N.Y. Oct. 13, 2016) (quoting *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001)).

### III. ANALYSIS

As noted above, Defendant argues that Plaintiffs' addition of the punitive damages claim under New York law to the TAC is futile. *See* Opp. 4-8. Under New York law, a plaintiff may recover an award for punitive damages on a tort claim where the defendant's actions rise to the level of "gross, wanton, or willful fraud or other morally culpable conduct." *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 509 (2d Cir. 1991). Sufficient morally culpable conduct is present when "the defendant is aware of and consciously disregards a substantial and unjustifiable risk" to others. *In re*

---

[3] Defendant does not argue that filing of the TAC is prejudicial or the result of bad faith. Accordingly, the Court need not address those Rule 15(a)(2) factors. *See Ferrara v. Smithtown Trucking Co.*, 29 F. Supp. 3d 274, 282 (E.D.N.Y. 2014) ("Trucking only argues that the motion [to amend] should be denied because the Trustees' claims are futile. The Court therefore need not consider other factors that may justify denying the motion.").

4

*Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 127–28 (2d Cir. 2013). This standard applies to negligence cases and strict products liability cases for failure to warn. *See Home Ins. Co. v. Am. Home Prods. Corp.*, 75 N.Y.2d 196, 204, 551 N.Y.S.2d 481, 486, 550 N.E.2d 930, 935 (1990).

Critically, "[a] demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action." *Virgilio v. City of New York*, 407 F.3d 105, 117 (2d Cir. 2005) (quoting *Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 616, 612 N.Y.S.2d 339, 344, 634 N.E.2d 940, 945 (1994)). In other words, "there is no separate cause of action in New York for punitive damages." *Martin v. Dickson*, 100 F. App'x 14, 16 (2d Cir. 2004).

Consequently, the Court construes Plaintiffs' self-described "Claim for Punitive Damages", TAC at 7, as seeking punitive damages as a remedy rather than as asserting a separate cause of action. *See Eldridge v. Rochester City Sch. Dist.*, 968 F. Supp. 2d 546, 564 (W.D.N.Y. 2013) (granting leave to amend to seek punitive damages only "as a remedy" where plaintiff's motion sought to add the punitive damages claim as a third cause of action); *Grimes-Jenkins v. Consol. Edison Co. of New York, Inc.*, No. 16-CV-4897, 2017 WL 2258374, at *1 (S.D.N.Y. May 22, 2017) (holding that the asserted tenth cause of action—for punitive damages—was instead "a damages claim, not a distinct cause of action"), *report and recommendation adopted*, No. 16-CV-4897, 2017 WL 2709747 (S.D.N.Y. June 22, 2017).[4]

As set forth below, the Court rejects Defendant's futility arguments because they are procedurally improper and substantively unavailing.

---

[4] Some courts dismiss purported punitive damages causes of action while still permitting punitive damages to be sought as a remedy. *See Levin v. Johnson & Johnson*, No. 16-CV-6631, 2019 WL 6392503, at *11 (E.D.N.Y. June 17, 2019); *Bruno v. Zimmer, Inc.*, No. 15-CV-6129, 2016 WL 4507004, at *6 (E.D.N.Y. Aug. 26, 2016). However, construing the TAC as requesting punitive damages only as a remedy achieves the same result.

A. <u>Defendant's Futility Arguments Are Procedurally Improper.</u>

Courts routinely deny motions to dismiss requests for punitive damages as procedurally improper because such a request is not a cause of action subject to dismissal. *See Denis v. Home Depot, U.S.A., Inc.*, No. 10-CV-3227, 2014 WL 6632486, at *6 (E.D.N.Y. Nov. 21, 2014) ("Punitive damages are not a separate cause of action and, thus, courts generally find motions to strike punitive damages at the motion to dismiss stage to be premature."). Indeed, a motion to dismiss a punitive damages claim presents a procedural deficiency that obviates the need for the Court to conduct a Rule 12(b)(6) dismissal analysis of the facts pled in support of the claim. *See Jing Wang v. Tesla, Inc.*, No. 20-CV-3040, 2021 WL 3023088, at *5 (E.D.N.Y. July 16, 2021) ("[T]he trend among courts applying New York law seems to be to deny attempts to dismiss prayers for punitive damages at the motion to dismiss stage because it is not even clear that there is a requirement that a complaint seeking punitive damages must plead specific facts that would support an award of such damages."); *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 301, 318 n.5 (S.D.N.Y. 2010) ("[I]n rejecting attempts to dismiss demands for punitive damages, courts have not undertaken a detailed analysis of whether the factual allegations of the pleading support such a demand.") (collecting cases).

That dismissal of the request for punitive damages under Rule 12(b)(6) would be procedurally premature dooms Defendant's futility argument. *See Denis*, 2014 WL 6632486 at *6 (granting motion to amend to add a claim for punitive damages).[5]

---

[5] *See also, e.g., Rubin v. Mangan*, No. 21-CV-1401, 2021 WL 5281347, at *7 (E.D.N.Y. Nov. 12, 2021) ("The Mangan Defendants move to dismiss Rubin's demand for punitive damages on the grounds that she has not alleged sufficiently 'outrageous' conduct. This argument is premature."); *Wiederman v. Spark Energy, Inc.*, No. 19-CV-4564, 2020 WL 1862319, at *9 (S.D.N.Y. Apr. 14, 2020) ("A punitive damages claim is not a cause of action but instead is a form of relief. As such, a motion to dismiss is premature."); *Bernardi v. New York State Dep't of Corr.*, No. 19-CV-11867, 2021 WL 1999159, at *14 (S.D.N.Y. May 19, 2021) (similar); *Horowitz v. Spark Energy, Inc.*, No. 19-CV-7534, 2020 WL 4917180, at *6 (S.D.N.Y. Aug. 21, 2020) (similar); *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 536 (S.D.N.Y. 2013) ("Because there is no independent cause of action for punitive damages under New York law, . . . we deny defendant's motion to 'dismiss' plaintiff's request for punitive damages as procedurally premature.") (internal quotations omitted).

6

B.    Defendant's Futility Arguments Are Unavailing.

In addition to being procedurally premature, Defendant's six separate futility arguments are also unavailing. Those arguments are addressed below.

***First***, Defendant asserts that the TAC fails to allege a basis for Defendant to have been on notice of the Fire risk because Defendant was only alleged to have been on hypothetical notice that its products "*could* create a safety hazard and, thus, the *possibility* of serious harm or death to consumers" and had "*potential* design and/or manufacturing defect[s]." Opp. at 6 (quoting TAC ¶ 27) (emphasis in Opp.). But punitive damages do not necessarily demand the heightened level of advance notice suggested by Defendant and, in fact, may be awarded under New York law where the defendant wantonly disregards the "*potential* for fire hazards." *See Borst v. Lower Manhattan Dev. Corp.*, 162 A.D.3d 581, 582, 80 N.Y.S.3d 29, 31 (App. Div. 1st Dept. 2018) (emphasis added) (holding defendants' alleged failure to act could justify punitive damages in connection with a fire at a demotion site).

Defendant's argument also ignores that the TAC repeatedly alleges that Defendant *knew* its products caused or were alleged to have caused fires. *See* TAC ¶ 27 ("Despite having knowledge of these fire claims and the fact that its electric-powered furniture products were causing or were alleged to have caused fires…."); *id.* ¶¶ 14, 24, 26 (similar). Those allegations are not conclusory—the TAC alleges Defendant knew its products caused fires because customer complaints, warranty claims, and Defendant's initial fire origin assessments all informed Defendant of the fires caused by its electric-powered furniture products. *Id*. ¶¶ 22, 24. Defendant cannot ignore these allegations and "emphasize cherry-picked language" in the TAC to defeat it. *In re OxyContin Antitrust Litig.*, 821 F. Supp. 2d 591, 602 (S.D.N.Y. 2011) (denying motion to dismiss); *see Trustees of Loc. 138 Pension Tr. Fund v. Logan Circle Partners, L.P.*, No. 10-CV-5758, 2012 WL 1902266, at *3 (E.D.N.Y. May 25, 2012) (denying motion to dismiss that "selectively quotes from the Amended Complaint"); *WiAV Sols. LLC*

7

*v. Skyworks Sols., Inc.*, No. 13-CV-6683, 2015 WL 57670, at *4 (S.D.N.Y. Jan. 5, 2015) (similar).

***Second***, Defendant contends that the TAC fails to allege facts in support of the allegations concerning Defendant's alleged failures to act—specifically, that Defendant did not properly investigate the fires; did not have a procedure for addressing fire claims; did not have a coordinated response program; did not modify or enhance its warnings; and simply ignored complaints. Opp. at 6 (citing TAC ¶¶ 22, 23, 25, 26). But requiring Plaintiffs to "prove a negative in [the] complaint" would be "nonsensical." *Marks v. CDW Computer Ctrs., Inc.*, 122 F.3d 363, 368 n.2 (7th Cir.1997); *accord Bensch v. Estate of Umar*, 2 F.4th 70, 79-80 (2d Cir. 2021) ("[I]t is difficult to allege facts that would plausibly indicate a negative."). In any event, the motion to dismiss standard "does not require that a plaintiff plead every factual detail relevant to liability, or allege facts that, if proved to the factfinder's satisfaction, would rule out every possible defense to his claim." *Bensch*, 2 F.4th at 79-80 (internal alterations and quotations omitted) (reversing denial of motion to amend decided on futility grounds).

***Third***, Defendant asserts numerous facts and characterizations in the Opposition to respond to and discredit the allegations in the TAC. *See* Opp. 7 (asserting that Defendant merely retained "an additional consultant to conduct a metallurgy examination of the evidence" and that Plaintiffs' allegations in TAC ¶ 24 are "pure fiction"); *id*. (arguing that the alleged inaction by Defendant in response to the fires is "ungrounded in fact"). "Because determination of futility is subject to the same standards as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, futility is generally adjudicated without resort to any outside evidence." *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 257 (S.D.N.Y. 2012) (internal alterations and quotations omitted). Accordingly, the Court disregards these attempts in the Opposition to assert a counternarrative to the TAC. *See id*. at 257-58 (declining to consider affidavits submitted to establish the futility of a proposed amendment); *Atakhanova v. Home Fam. Care Inc.*, No. 16-CV-6707, 2019 WL 2435856, at *3 (E.D.N.Y. Feb. 19, 2019) (declining to consider wage statements and an affidavit submitted to establish the futility of a

8

pleading amendment).

*Fourth*, Defendant asserts that its alleged inaction regarding the alleged risk associated with its furniture does not meet the threshold for punitive damages. Opp. at 7. As stated above, punitive damages may be imposed under New York law where "the defendant is aware of and consciously disregards a substantial and unjustifiable risk" to others. *Methyl*, 725 F.3d at 127–28. In light of the TAC's allegations regarding Defendant's awareness of and disregard to the Fire risk, "a reasonable juror might find Defendant's conduct to be so morally reprehensible and outrageous as to justify an award of punitive damages." *Brett*, 2016 WL 11774304, at *2 (relying on allegation restaurant was aware of but disregarded the risk that a customer would swallow a metal bristle from the brush used to clean the cooking surface); *see Mahar v. U.S. Xpress Enterprises, Inc.*, 688 F. Supp. 2d 95, 105 (N.D.N.Y. 2010) (allowing punitive damages claim in light of allegations concerning defendant's "grossly negligent, wanton, and reckless" conduct).[6]

*Fifth*, Defendant argues that fires involving other products manufactured by Defendant that allegedly preceded the Fire are irrelevant because they are not specifically alleged to have been caused by a Willenburg model nightstand. *See* Opp. at 6 ("Plaintiffs' punitive damages allegations rely completely on prior allegations of fires caused by 'electric-powered furniture products' distributed by Ashley – not even on allegations of fires caused by the nightstand at issue") (emphasis removed) (citing TAC ¶ 21); *id*. at 7 (similar). But if Defendant was aware of and disregarded the risk that its electric furniture products—including its electric *bedroom* furniture products—could catch fire, TAC ¶ 21, then it is at least plausible under Plaintiffs' theory of the case that Defendant was aware of and disregarded the risk that the Willenburg nightstand also could catch fire. *See Brett*, 2016 WL

---

[6] Notably, a district court in this Circuit previously rejected futility arguments opposing a punitive damages amendment because the amendment alleged the conduct at issue was "wanton, willful, and reckless"—even though it "remain[ed] to be seen" whether plaintiffs could "offer facts in support of their claim." *Est. of Ratcliffe v. Pradera Realty Co.*, No. 05-CV-10272, 2007 WL 3084977, at *6 (S.D.N.Y. Oct. 19, 2007). As discussed, for purposes of assessing futility under the motion to dismiss standard, the TAC *already* offers facts in support of the punitive damages claim.

9

11774304 at *2 (rejecting futility argument opposing addition of punitive damages claim because "[t]aking all the allegations in the proposed Amended Complaint as true, it is at least plausible that Defendant acted sufficiently recklessly…."); *Colon v. New York State Dep't of Corr. & Cmty. Supervision*, No. 15-CV-7432, 2017 WL 4157372, at *11 (S.D.N.Y. Sept. 15, 2017) (declining to dismiss punitive damages claim because it was plausible based on alleged facts, even though the factual allegations were "razor-thin"). Thus, it cannot be said that "it appears beyond doubt" that Plaintiffs have pled "no set of facts" under which Defendant was on notice that the Willenburg nightstand posed a fire risk. *See Milanese*, 244 F.3d at 110 (stating the showing required to defeat a motion to amend as futile); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) (same).

**Sixth**, Defendant argues that "there is no allegation that Ashley's officers participated in, or ratified any alleged outrageous conduct, which is required to assert punitive damages against a corporation." Opp. at 8 (citing *Roginsky v. Richardson-Merrell, Inc.*, 378 F.2d 832, 850 (2d Cir. 1967)). Defendant's argument fails as a matter of law. "To hold that punitive damages may not be imposed unless there is participation in the tortfeasing decision by the highest corporate executives is unrealistic." *Doralee Ests., Inc. v. Cities Serv. Oil Co.*, 569 F.2d 716, 722 (2d Cir. 1977). For that reason, under New York law, punitive damages may be recovered from a corporation when a sufficiently "superior officer in the course of employment orders, participates in, or ratifies outrageous conduct." *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt., LLC*, 479 F. Supp. 2d 349, 375 (S.D.N.Y. 2007) (quoting *Loughry v. Lincoln First Bank*, 67 N.Y.2d 369, 378, 502 N.Y.S.2d 965, 970, 494 N.E.2d 70, 75 (1986)). Under that standard, "superior officer" is someone with "a high level of general managerial authority in relation to the nature and operation of the employer's business" such that his "level of responsibility within the entity [is] sufficiently high that his participation in the wrongdoing renders the employer blameworthy." *Loughry*, 67 N.Y.2d at 380-81, 502 N.Y.S.2d at 971, 494 N.E.2d at 76. But the term "superior officer" is not limited to those "who can only be found

10

in the executive suite or topmost reaches of corporate government." *Id*. Thus, "a jury may assess punitive damages against a corporation even though the tortious act was not authorized or ratified by a director or an officer…." *Doralee,* 569 F.2d at 722 n.4.[7]

The Court would not be persuaded even if Defendant had invoked the correct standard and argued that the TAC fails to allege that a sufficiently "superior officer" participated in or ratified Defendant's alleged conduct. Given Defendant's alleged awareness of and disregard to the fire risks—including its supposed malfeasance with fire origin and cause assessments, *see* TAC ¶ 24—it is not "beyond doubt" that Plaintiffs can prove "no set of facts" under which one of Defendant's superior officers was aware of the Fire risk.[8] *See Milanese*, 244 F.3d at 110; *Ricciuti*, 941 F.2d at 123. As a result, Plaintiffs are not further required to specifically allege that a superior officer participated in or ratified Defendant's alleged wrongdoing. *See Fraternity Fund*, 479 F. Supp. 2d at 375 ("While plaintiffs do not allege Kearney's position at BAS or that a superior officer participated in or ratified his conduct, the Court is not persuaded that plaintiffs' claims for punitive damages should be dismissed at this stage . . . Plaintiffs may well adduce evidence that Kearney was a superior officer or, if not, that another person who was a superior officer at BAS ratified Kearney's actions.").

In sum, Defendant failed to carry its burden to demonstrate that the request for punitive damages in the TAC would be futile.

---

[7] The New York Appellate Division, Second Department, has held that a company may even be subject to punitive damages based on "its own alleged misconduct, as opposed to the acts and omissions of its employee[s]." *See Cleary v. Wallace Oil Co., Inc.*, 55 A.D.3d 773, 865 N.Y.S.2d 663 (App. Div. 2nd Dept. 2008) (rejecting the argument that Wallace Oil Company had not "authorized, participated in, consented to or ratified the conduct" giving rise to the punitive damages claim because the claim was "limited to the alleged 'direct and independent gross negligence' of Wallace, i.e., actions and omissions of Wallace itself") (internal case quotations and citations omitted).

[8] This is particularly true given the level of personnel that have not been precluded from being sufficiently "superior officers" as a matter of law. *See Thompson v. Am. Eagle Airlines, Inc.*, No. 99-CV-4529, 2000 WL 1505972, at *12 (S.D.N.Y. Oct. 6, 2000) (declining to grant summary judgment dismissing punitive damages claim against corporate defendants based on tortious conduct from a shift supervisor and a traffic supervisor); *Melfi v. Mount Sinai Hosp.*, 64 A.D.3d 26, 43, 877 N.Y.S.2d 300, 312 (App. Div. 1st Dept. 2009) (declining to grant summary judgment dismissing request to recover punitive damages from Mount Sinai Hospital based on medical malpractice by a non-executive E.R. doctor).

## IV.     CONCLUSION

For the reasons set forth above, the Court grants the Motion. Plaintiff is directed to electronically file the TAC **on or before July 26, 2022**. Plaintiff will be required to show good cause before the Court will grant any future motions to amend the TAC. *See Sacerdote*, 9 F.4th at 116 (a court may require a showing of good cause for future motions to amend pleadings).

**SO ORDERED:**

Dated:   Central Islip, New York
          July 21, 2022

s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge