

**BRIAN P. HENRY, ESQ.**

bhenry@rolfeshenry.com
P: 941.684.0100
F: 941.684.0109

5577 Broadcast Court
Sarasota, FL  34240
RolfesHenry.com

ADMITTED TO PRACTICE
Connecticut
Florida
Massachusetts
New York
Tennessee

Certified Fire &
Explosion Investigator

August 22, 2022

**VIA ELECTRONIC CASE FILING**

Magistrate Judge Lee G. Dunst
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip. NY  11722

RE:   *City Nat'l. Specialty Co. v. Ashley Furniture Industries, LLC*
        U.S.D.C., E.D.N.Y. Case No.:  2:21-cv-05521-EK-AYS

Dear Judge Dunst:

Pursuant to Section IV, D of your Honor's Individual Practice Rules, the parties hereby submit the following "Joint Letter" regarding a pending discovery dispute which cannot be resolved.  The respective positions of the parties are set forth below.

**Plaintiffs' Position on Plaintiffs' First Set of Interrogatories to Defendant[1]**

   1)   *Plaintiffs Request That All Objections be Stricken.*

Each and every objection submitted by Defendant to Plaintiffs' First Set of Interrogatories was untimely, and Defendant's counsel knew of that untimeliness and proceeded to violate Rule 33 regardless.

Specifically, Plaintiffs submitted their First Set of Interrogatories and Requests for Production to Defendant on May 31, 2022, with responses to said discovery being due on June 30, 2022.  *See Plaintiffs' Exhibit A, Plaintiffs' First Set of Interrogatories to Defendant Ashley Furniture, LLC.*  After the response date had elapsed, Defendant's counsel, through correspondence dated July 2, 2022, requested a thirty-day extension of time to provide responses to said discovery.  *See Plaintiffs' Exhibit B, Mekles Correspondence (07/02/22).*

---

[1]  While Plaintiffs' First Set of Requests for Production are still in dispute, the Court's position on Plaintiffs' First Set of Interrogatories and Defendant's objections thereto will guide the parties' efforts on document production.

OHIO  |  KENTUCKY  |  INDIANA  |  MICHIGAN  |  FLORIDA  |  MISSISSIPPI  |  CONNECTICUT

ROLFES HENRY CO., LPA

While the undersigned agreed to an extension of time to July 21, 2022 (the day before the last status conference), for Defendant to **_answer_** the First Set of Interrogatories, counsel declined to agree to an extension of time to allow counsel to object, as objections are the province of the attorney, not the party. *See Plaintiffs' Exhibit C, Henry Correspondence (07/03/22).*

Despite the provisions of Rule 33 requiring all objections to be filed within thirty (30) days, and despite Defendant's counsel being fully aware that Plaintiffs had declined to afford Defendant an extension of time to object to the interrogatories, Defendant's counsel blatantly disregarded that declination and, more importantly, the Federal Rules of Civil Procedure, by submitting objections to twenty (20) of twenty-one (21) Interrogatories on July 21, 2022 – three weeks after such objections were due – responding only to Plaintiffs' initial interrogatory asking who was the answerer of the Interrogatories. *See Plaintiffs' Exhibit D, Defendant Ashley Furniture Industries, LLC, Answers to Interrogatories.*

Defendant has presented no "good cause" as to why Rule 33 was simply disregarded, or why Defendant's counsel did not properly file a Motion for Extension of Time with the Court. Rather, Defendant simply decided that Rule 33 did not apply to it. Accordingly, Plaintiffs seek an Order of this Court deeming all objections waived, and obligating Defendant to respond in full to every interrogatory posed.

    2) *Plaintiffs' Discovery Efforts and Attempt to Narrow the Scope of Discovery.*

To the extent this Court does not strike all of Defendant's objections, the individual objections must be assessed and ruled upon. To that end, this matter concerns a product liability claim wherein Plaintiffs allege that a product distributed by Defendant caused a fire occurring at the home of Plaintiff John Calenzo, and was defective in numerous ways. As the specific product causing the subject fire was an electric-powered nightstand, Plaintiffs initially sought discovery related to the specific model of product at issue, as well as all "electric-powered furniture product[s]" distributed by Defendant, since electrical components contained within furniture products all contain some universality in design, function, and, ultimately, failure modes. *See Exhibit A.*

As is evident in *Exhibit B*, however, Defendant refused to provide any legitimate responses to Plaintiffs' Interrogatories, insisting, among other things, that only information regarding the "model" of product at issue is discoverable in this case.[2] Plaintiffs reject that limitation, since product manufacturers change the model of number of products when small changes, such as even the color of the product, are made, for the very purpose of avoiding discovery obligations such as those in this case.

However, consistent with the Court's stated preference that discovery be conducted in "phases," Plaintiffs agreed to limit their requests further, changing the request from "electric-powered furniture products" to "electric-powered furniture products containing electrical outlets or USB ports similar in design or style to the electrical outlets or USB ports in the Model B643-92." *See Exhibit E, Henry Correspondence (08/03/22).* While Plaintiffs reserve the right to seek more expansive discovery, Plaintiffs are willing to reduce their requests to this category of items for the initial phase of discovery.

---

[2] While Defendant has answered certain interrogatories "notwithstanding" a particular objection, caselaw holds that such an "answer" is really no answer at all, as it allows a responding party to limit the response under the supposed protection of the pending objection.

Defendant has rejected Plaintiffs' proposal, instead counter-proposing to limit all discovery even further, now to only the model of electrical components which were present in the subject nightstand Model B643-92. *See Exhibit F, Mekles Correspondence (08/21/22).*

Plaintiffs maintain that such is an unreasonable limitation on the discovery process, and not consistent with federal law allowing for discovery of "substantially similar" products in product liability actions. Defendant seeks to limit the "circle" of discovery to such a small space that, ultimately, there will be no information for Plaintiffs to discover. Plaintiffs reject that tactic, and seek either a ruling from the Court, or the opportunity to file a Motion to Compel full responses to their First Set of Interrogatories, regarding this issue.

3) **All Pending Objections & General Concerns.**

Plaintiffs note several general issues related to Defendant's objections. First, Defendant's counsel takes the position that "it is generally accepted practice to lodge an objection to a discovery demand but still answer it to the extent the part is able, notwithstanding the objection." While such may be true as an initial matter, ultimately all pending objections must either be resolved or ruled upon. Plaintiffs seek an Order from the Court either sustaining or overruling each of Defendant's objections.

Second, Defendant has improperly objected to certain interrogatories on the grounds that the information sought is not within the control of Defendant. Defendant should be obligated to respond fully, under oath, that the information sought is not within its possession, without objection.

Third, Defendant claims that Plaintiffs' interrogatories are overly broad because there is no "time limitation" included or that the proposed ten-year time limitation is too broad. A ten-year timeframe for product liability discovery is more than reasonable considering that the product at issue has not been distributed for more than two years.

Fourth, Plaintiffs further maintain that information regarding Defendant's practices and procedures in regarding to handling *all* fire claims, and not just those involving the subject product, is discoverable based on Plaintiffs' claim for punitive damages. Through that claim, Plaintiffs seek to evaluate Defendant's overall methodology of handling fire claims, and such a methodology cannot legitimately be limited to claims involving only a particular product. There is no basis for Defendant limiting discovery on its fire claim handling procedures and methods.

In summary, Plaintiffs seek very reasonable discovery on the *type* of product(s) at issue, and Defendant seeks to limit discovery to an obsolete model number. Discovery should not be curtailed in such a fashion, and Plaintiffs seek a ruling from this Court allowing the discovery they seek. As the parties have been unable to resolve the remaining pending objections submitted by Defendant, Plaintiffs seek either a ruling from the Court on each pending objection, or an allowance for Plaintiffs to file a Motion to Compel.

**Defendant's Position on Plaintiffs' First Set of Interrogatories to Defendant**

1. **Ashley's objections are not waived.**

As an initial matter, Ashley's objections to Plaintiffs' First Set of Interrogatories should not be deemed waived, as they were served timely. Plaintiffs agreed to an extension of time for Ashley to serve its

responses, and Ashley served its responses within that time. Responses and objections are routinely served together and cannot sensibly be served separate and apart from one another. Directing Ashley to serve *objections* "timely" but *answers* within 30 days was simply unclear and not an intentional disregard of any directive from Plaintiffs' counsel or the Rules of this Court.

Even if the Court finds that Ashley served its objections late and its responses on time, there is certainly good cause for the Court to use its discretion and excuse the short delay here. Plaintiffs served their demands on May 31, 2022. Less than a week later, on June 6, 2022, Plaintiffs filed a motion for leave to amend the complaint to add a punitive damages claim. The parties briefed the issue during the month of June, which was decided in Plaintiffs' favor on July 21. Plaintiffs filed its Third Amended Complaint the same day, and Ashley served its Responses the same day as well. Simply, there was no prejudice to Plaintiffs.

Additionally, Plaintiffs have been well-aware of Ashley's primary objection to Plaintiffs' discovery demands since May 27, 2022, *prior* to serving their discovery demands. Plaintiffs served a Rule 30(b)(6) notice on May 1, 2022. In their notice, Plaintiffs asked for much of the same information requested in their interrogatories and thereafter Ashley interposed the same objections:

(A) Any and all claims presented to Defendant or its agents, either directly or through a third party, regarding fires believed, alleged, or suspected to have been caused by *any product* distributed by Defendant or its agents; and

Ashley objects to the "any product" language. Ashley will produce a witness to answer questions regarding other fires "believed, alleged, or suspected to have been caused by" the product at issue, involving similar circumstances, if any, but its witness will not answer questions about claims regarding fires believed, alleged, or suspected to have been caused by *any* product distributed by Ashley. Such discovery is not relevant and is overbroad. *See, e.g., Fine v. Facet Aerospace Products Co.*, 133 F.R.D. 439 (S.D.N.Y. 1990); *Oleg Cassini, Inc. v. Electrolux Home Products, Inc.*, 2013 WL 466198, (S.D.N.Y. Feb. 7, 2013).

(B) Any and all claims presented to Ashley or its agents, either directly or through a third party, regarding *any claims of malfunction, damage caused by, or inoperability of any furniture product* distributed by Defendant or its agents containing *any electrical component*;

Ashley objects to the "any furniture product" language, "any claims of . . ." language, and "any electrical component" language. Ashley will produce a witness to answer questions regarding prior claims presented to Ashley regarding alleged "malfunction, damage caused by, or inoperability" of the electrical component of the product at issue leading to a fire, if any, but its witness will not answer questions about "any and all claims" of "malfunction, damage caused by, or inoperability" of "any furniture product" distributed by Ashley containing "any electrical component." Such discovery is not relevant and is overbroad. *See, e.g., Fine v. Facet Aerospace Products Co.*, 133 F.R.D. 439 (S.D.N.Y. 1990); *Oleg Cassini, Inc. v. Electrolux Home Products, Inc.*, 2013 WL 466198, (S.D.N.Y. Feb. 7, 2013).

(*See* Exs. G, H).

Because Ashley made the same objections previously, in response to a request for the same information, except in a different form (i.e. 30(b)(6) notice v. interrogatory), Plaintiffs cannot now claim the objection has been waived, or that they are prejudiced by receiving it "late."

Finally, Ashley did not "blatantly disregard[]" the Rules of Civil Procedure or counsel's directive to serve objections "timely" but serve answers within 30 days. Ashley reached out to Plaintiffs' counsel within *two* days of June 30, and during the July 4th holiday, to request an extension of time to respond to Plaintiffs' demands. This is a common practice that attorneys routinely engage in everyday and a courtesy they routinely grant to each other. Plainitff served 25 requests for production and 21 interrogatories with subparts. Though objectionable, these requests include detailed information about every single electric furniture product distributed by Ashley and every mention of UL 962 (which is the UL standard for all commercial and household furniture products). Gathering responsive documents and determining the scope of information Ashley maintains entails discussions with multiple people throughout the Company. Not only was Ashley briefing the punitive damages issue for a pending motion to amend the complaint, but also discussing *both* objections and responses to broad discovery demands with employees of Ashley. This comprehensive information-gathering process certainly constitutes "good cause" to grant (at least) a 30-day extension of time to respond to Plaintiffs' demands.

Courts routinely use their discretion and excuse late discovery, though Ashley maintains that its discovery responses were not late. *Melendez v. Greiner*, 2003 WL 22434101, *2 (S.D.N.Y. Oct. 23, 2003) (declining to deem objections waived when they were served 5 months late); *Cotto v. Clark Investigations & Sec. Services, Ltd.*, 2003 WL 22358797, *1 (S.D.N.Y. Oct. 16, 2003) (declining to deem the defendants' objections waived when they were served 2 months late because the plaintiff was aware of defendants' position, the defendants did not act in bad faith, and the plaintiff had not been prejudiced by the delay); *Callaway Golf Co. v. Corporate Trade Inc.*, 2011 WL 1642377, *2 (S.D.N.Y. April 25, 2011) (declining to deem objections waived when the responses were 22 days late).

2. **Ashley goes above and beyond its discovery obligation by agreeing to produce information about all electric furniture products with the same electrical component as the Nightstand.**

Plaintiffs allege that the electrical component of the Model B643-92 Nightstand (the "Nightstand") distributed by Ashley was defective and caused a fire. However, Plaintiffs have requested information about every single electric powered furniture product distributed by Ashley, notwithstanding that the majority of those products do not have the same electrical component as the Nightstand and therefore would not have the same claimed defect as the Nightstand. In the meet-and-confer process, Ashley has agreed to produce information not only about the Nightstand but also about the 76 other products containing the same electrical component as the Nightstand, which is a unit -- Model number HG2000-DNU2 -- containing a complete power strip with cord and includes two outlets and two USB ports.

Plaintiffs' proposal to modify their request to information regarding "electric-powered furniture products containing electrical outlets or USB ports *similar in design or style* to the electrical outlets or USB ports in the Model B643-92" is untenable. That modification is no modification at all. "Similar in design or style" is vague because any electrical component could be construed as "similar in design and style" to the component incorporated into the Nightstand. Contrary to Plaintiffs' claim that Ashley is severely limiting Plaintiffs' discovery, Ashley is going above and beyond its obligation by expanding discovery from the

Nightstand to 76 products that are not substantially similar to it but have the same electrical component. These products include end tables, desks, printer stands, to name a few.

### 3. Ashley's remaining objections are proper.

As Plaintiffs note, Ashley lodged an objection to the majority of its responses to Plaintiffs' discovery demands but still answered them, to the extent it was able, notwithstanding the objection. This practice is generally accepted because part of a request, such as certain phrases or subparts, may be objectionable while the remainder is answerable. Simply because Ashley answered Interrogatories notwithstanding an objection(s), does not mean the answer is improper or the objection is waived. In its objections, Ashley specifically noted the part of the demand or interrogatory that was objectionable and why.

Regarding Plaintiffs' contention that Ashley "improperly objected to certain interrogatories on the grounds that the information sought is not within the control of Defendant," such an objection is entirely proper, as Plaintiffs are requesting items and information from Ashley that are in the possession of third-party manufacturers.

Ashley's objection that many of Plaintiffs' demands are unlimited in time is also proper, especially because the Nightstand was distributed for only two years.

Finally, as to Plaintiffs' request for information regarding Ashley's practices and procedures in handling fire claims, there is no interrogatory asking for Ashley's general practices and procedures in handling fire claims, though this subject would be more suited for a deposition topic than an interrogatory.

**Defendant's Position on Plaintiffs' Responses to Defendant's Discovery Demands**

Ashely disputes Plaintiffs' objections to several of Ashely's Document Requests and Interrogatories as set out in Exhibit I to this letter submission. Generally, Plaintiffs have objected to providing documents in support of their claim that a defect existed in the Nightstand. However, Plaintiffs have brought a product defect case against Ashley, so they must have a basis for that claim. Plaintiffs have similarly objected to producing documents supporting their claim that Ashley is responsible for the damages. Plaintiffs' have objected to Ashley's request to produce all documents relating to claims that Plaintiffs have made against another person or entity as a result of the incident at issue. However, Ashley needs to know whether Plaintiffs have also made a claim against someone else claiming liability and damages arising out of the same incident. Plaintiffs' have objected to Ashley's request to produce all documents referencing people with knowledge of the incident. However, Ashley needs these documents because not only will they likely relate to and contain information about the incident at issue, but they will also include the names of potential fact witnesses in this case. Plaintiffs object to Ashley's interrogatory that they identify any statute, regulation, ordinance, law, code, or rule that they claim Ashely violated and provide a description of how Ashley violated the law. However, if Plaintiffs are claiming that Ashley violated any law, Ashley needs to know which law it allegedly violated and how it allegedly violated it in order to mount a defense against this claim. Plaintiffs object to Ashley's interrogatory that it provide details of any conversations that occurred between Plaintiffs and Defendant. However, conversations between Plaintiffs and Ashley are not privileged, as Plaintiffs claim.

**"Good Faith" Certification**

Pursuant to Rule 37(a)(1), the parties certify that they have, in good faith, conferred via telephone and by correspondence on August 2, August 3, and August 21, regarding this dispute, and have been unable to reach an agreement.

Sincerely,                                          Sincerely,

_____                       s/ Erica S. Mekles_____
Brian P. Henry                                      Erica S. Mekles
Counsel for Plaintiffs                              Counsel for Defendant

BPH:km

Enclosures